BLD-180                                                    **NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**
_____

No. 23-1890
_____

IN RE: AMIN A. RASHID,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:93-cr-00264-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 20, 2023

Before: KRAUSE, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: August 29, 2023)
_____

OPINION[*]
_____

PER CURIAM

Amin A. Rashid, a federal prisoner proceeding pro se, seeks a writ of mandamus

to compel the District Court to vacate a 1996 order denying his motion under 28 U.S.C.

§ 2255 and to decide whether to impose a filing injunction. For the reasons that follow,

we will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 1993, Rashid was convicted in the United States District Court for the Eastern District of Pennsylvania of mail fraud, wire fraud, and money laundering. We affirmed. United States v. Rashid, 66 F.3d 314 (3d Cir. 1995) (table). In 1995, Rashid filed a motion pursuant to 28 U.S.C. § 2255. The District Court denied relief by order entered February 23, 1996. (ECF 266.) We affirmed. See C.A. No. 96-1244. Rashid has since filed numerous motions pursuant to Federal Rule of Civil Procedure 60(b) seeking review of the denial of his § 2255 motion. Unsuccessful in those efforts, Rashid has now filed a mandamus petition asking us to direct the District Court to vacate the order denying his § 2255 motion.

He also asks us to direct the District Court to decide whether to impose a filing injunction. In April 2020, the District Court vacated a 2013 filing injunction and imposed a new, more onerous one. We vacated that portion of the April 2020 order that set forth the terms of the new filing injunction, however, because the District Court failed to give Rashid notice and an opportunity to respond before imposing it. United States v. Rashid, 2021 WL 5741503, at *3 (3d Cir. Dec. 2, 2021). Thereafter, in August 2022, the District Court ordered Rashid to show cause why it should not impose an injunction on substantially the same terms as those set forth in the April 2020 order. (ECF 710.) Rashid responded to the show cause order in October 2022, but the District Court has not yet decided whether to impose a filing injunction.

Mandamus is an appropriate remedy only in the most extraordinary situations. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). To justify such a remedy, a petitioner must show that he has (1) no other adequate means of obtaining the desired relief and (2)

2

a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Grp., Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 402 (1976)). Notably, a mandamus petition is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. In Re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other grounds Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009). In addition, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a District Court handle a case in a particular manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). That said, a writ of mandamus may issue where a District Court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

The circumstances here are not extraordinary. Rashid has failed to show that he has no other adequate means to challenge the District Court's denial of his § 2255 motion. In fact, he has already availed himself of the proper means for seeking relief by filing a notice of appeal. Rashid may not use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006). Furthermore, the fact that the District Court has not decided whether to issue a filing injunction does not amount to a failure to exercise jurisdiction. Madden, 102 F.3d at 79.

Accordingly, we will deny the petition for a writ of mandamus.